IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2001 Session

## ROBERT WADE UTLEY

### v.

## ROBERT ORR-SYSCO FOOD SERVICES COMPANY

**An Appeal from the Circuit Court for Davidson County**
**No. 99C472     Barbara N. Haynes, Judge**

---

**No. M2000-02904-COA-R3-CV - Filed August 7, 2002**

---

This is a premises liability case. The plaintiff was shopping in a store owned by the defendant when the plaintiff slipped and fell on a clear liquid substance and sustained personal injuries. The plaintiff shopper sued the defendant store owner on a theory of premises liability. The trial court granted summary judgment in favor of the defendant. The plaintiff now appeals. We affirm, finding that the plaintiff submitted insufficient evidence to create a genuine issue of material fact regarding whether the store had actual or constructive notice of the dangerous condition prior to the plaintiff's fall.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Donald D. Zuccarello, Nashville, Tennessee, for the appellant, Robert Wade Utley.

Eugene N. Bulso, Jr., and Barbara Hawley Smith, Nashville, Tennessee, for the appellee, Robert Orr-Sysco Food Services Company.

### OPINION

On March 27, 1998, Plaintiff/Appellant Robert Wade Utley ("Utley") was shopping for groceries with Ronald Cook ("Cook") at the Defendant/Appellee Robert Orr-Sysco Cash-N-Carry Foodstore ("Sysco"). While shopping, Utley slipped and fell on a clear, slippery substance about 15 to 20 feet from the checkout counter. Utley sustained personal injuries from the fall. No Sysco employees were in the vicinity at the time.

On February 19, 1999, Utley filed a lawsuit against Sysco for damages from his injuries on a theory of premises liability. Utley alleged that Sysco knew or should have known that a dangerous condition, namely the clear substance on the floor, existed on its premises. In support of his claim, Utley filed an affidavit by Cook, which stated that the clear substance on which Utley slipped appeared to be oil, that it covered a significant area, and that those attempting to assist Utley had trouble maintaining their balance. In the affidavit, Cook asserted that he heard an unnamed employee of Sysco say that the oil should have been cleaned up before Utley fell.[1] Cook also stated that he was present when a manager from the store approached Utley and "apologized for Mr. Utley's accident."

In answers to Sysco's interrogatories, Utley contended that a manager of the store called him two weeks after the incident, apologized, and said that he was aware that someone had spilled oil on the floor and that it had not been cleaned up. Utley's deposition was later taken. Sysco claims that Utley's deposition testimony contradicts his responses to the interrogatories, clarifying that the store manager made no such admission, but simply called Utley out of concern. Sysco subsequently filed a motion for summary judgment, asserting that Utley had failed to proffer evidence from which the trier of fact could reasonably infer that Sysco had created the dangerous condition or that Sysco had constructive knowledge of it prior to Utley's fall.

On October 24, 2000, the trial court conducted a hearing and subsequently entered an order granting Sysco's motion for summary judgment. Utley now appeals, claiming that there is sufficient evidence to create a genuine issue of material fact regarding whether Sysco had actual or constructive knowledge about the dangerous condition prior to the incident.

We review the trial court's grant of summary judgment de novo with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

In cases involving premises liability, the premises owner has the duty to exercise reasonable care to prevent injury to persons lawfully on the premises. *See Hardesty v. Service Merchandise Co.*, 953 S.W.2d 678, 681 (Tenn. Ct. App. 1997). However, the premises owner is not an insurer of the safety of those who enter the establishment, and it is not presumed that the owner is aware of all that transpires on the premises. Thus, in order to establish a prima facie claim of premises liability against the premises owner for allowing a dangerous condition to exist, the plaintiff must establish either (1) that the defendant created the dangerous condition that precipitated the injury, or (2) that the defendant had actual or constructive notice of the condition prior to the plaintiff's

---

[1]The affidavit does not make it clear when Cook overhead that comment.

injury.[2]  ***Id.*** at 682.  In this case, Utley does not allege that Sysco created the dangerous condition, i.e., the oil on the floor, nor does Utley allege that Sysco had actual knowledge of the condition. Rather, Utley claims that Sysco had constructive knowledge of the spilled substance on the floor prior to Utley's fall.

Generally, such constructive knowledge cannot be established in the absence of a "showing that the dangerous condition existed for such a length of time that in the exercise of ordinary care, the defendant knew, or should have known, of its existence."  ***Jones v. HCA Health Servs. of Tennessee, Inc.***, No. M1998-00490-COA-R3-CV, 1999 Tenn. App. LEXIS 827, at \*4 (Tenn. Ct. App. Dec. 17, 1999); ***see also Workman v. Wal-Mart Stores E., Inc.***, No. M2001-00664-COA-R3-CV, 2002 Tenn. App. LEXIS 228, at \*8 (Tenn. Ct. App. April 4, 2002) (holding that plaintiff is required to show that the dangerous condition existed for such a length of time that the defendant knew or should have known of its existence); ***Ailsworth v. Autozone, Inc.***, No. W2000-03024-COA-R3-CV, 2001 Tenn. App. LEXIS 960, at \*11 (Tenn. Ct. App. Dec. 31, 2001) (same); ***Hardesty***, 952 S.W.2d at 683 (same).

In this case, Utley submitted only his own testimony and Cook's affidavit.  In his deposition, Utley stated that no Sysco employees were nearby when he fell, and that Sysco employee Willie Swafford apologized for the incident and told Utley that someone had spilled shortening oil on the floor and that it had not been cleaned up.  In his deposition, Utley acknowledged that Swafford did not know who spilled the oil or how long it had been on the floor.  Utley also admitted that he did not know how the oil may have been spilled, and that no one told him how it spilled, when it was spilled, or who may have spilled it.  Similarly, Cook's affidavit contains no indication of how long the oil had been on the floor prior to Utley's fall.

Utley notes that the spill was close in proximity to the checkout registers and that it covered a large area.  From this he argues that a reasonable jury could infer that a Sysco employee should have known that the oil was there before Utley fell.  While the proximity of the spill to the employees' work station is relevant, it is not sufficient in and of itself to establish "that a sufficient time interval had passed to charge the premises owner with constructive notice" of the spilled oil. ***Workman***, 2002 Tenn. App. LEXIS 228, at \*9-\*10.  Under these circumstances, we find that the trial court was correct in granting Sysco's motion for summary judgment.

The decision of the trial court is affirmed.  Costs are to be taxed to the appellant, Robert Wade Utley, and his surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

_____

[2]The notice requirement can also be met by showing that the defendant's method of operation caused the hazardous situation.  ***Vicki Rena Trebing v. Fleming Cos.***, 40 S.W.3d 42, 46 (Tenn. Ct. App. 2000).  Utley makes no such allegation in the instant case.